## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

JAMES W. THURMAN,       )
                                  )
       Plaintiff,         )

v.                            )      Case No. 1:21-cv-00186-CLC-CHS
                                  )

DERREK SAXE; JOE GUY, *Sheriff*, and  )
JERRY WATTENBERG,        )
                                  )
       Defendants.      )

## REPORT AND RECOMMENDATION[1]

Plaintiff James W. Thurman, *pro se*, is proceeding *in forma pauperis*. The Court has the responsibility to screen all actions filed by plaintiffs proceeding *in forma pauperis* and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff Thurman has brought a claim under 42 U.S.C. § 1983 alleging that Defendants came to his house on November 11, 2021, to discuss a gun and that they did not wear masks while doing so. Defendant further states that he could have died because they did not wear masks. The Court takes judicial notice that, in November of 2021, many people were wearing face masks as a measure to prevent the spread of COVID 19. Plaintiff does not allege that he became ill after Defendants' visit, nor does he state which constitutional provision Defendants allegedly violated.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

Plaintiff seeks $500,000 in damages and demands that Defendants to be terminated as law enforcement officers.

There is no constitutional cause of action solely for moral indignation. The Court finds this action to be frivolous, and it is **RECOMMENDED** it be dismissed without prejudice.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE